Wright, J.,
delivered the opinion of the Court.
The Circuit Judge did not -err- in dismissing the petition for writs of certiorari and supersedeas in these cases.
Section 8129 of the Co'de of Tennessee, provides that where the error complained of is in the amount of the judgment, the petition shall show the amount of the mistake, and the supersedeas shall not issue for more than such amount; and the plaintiff in the-judgment shall be entitled to execution for the' balance- not complained of, as if no such writ had been obtained.
And section 3180 provides ' that when the certiorari extends only to a part of the judgment, or it is brought up by one or more of several parties only, a certified copy of the proceedings complained of shall be made *56 out by tbe proper officer, and filed in lieu of the original papers and proceedings as to parties who do not join in the application, shall not he affected.
Now it is palpable the petitioner did not complain of the whole amount of these judgments; yet he failed to state wherein the error consisted, or its amount. The language of the petition is, that “ petitioner will be able to show upon a new trial, that the judgments were for a much greater amount than the plaintiffs were entitled to.”
This language implies that a large portion, if not the greater part of these judgments is correct.
The objection that these trials and judgments were not had in the proper civil district, if true, at this stage of the cause, has nothing in it, because it does not involve the merits of the case; and when the party has lost his appeal, and is driven to the extraordinary remedy furnished by the writ of certiorari, he must show merits.
But when we examine the petition it does not appear from anything stated therein, that the trials and judgments were had-in the wrong district. The petitioner’s objection is that he was tried out of his own district and that of the plaintiff. The form of the actions were in debt, and by the 4114th section of the Code, he was not entitled to be tried in his own district because he disputed the plaintiff’s claim. And in that case — unless the magistrate was incompetent, or absent, or there was no magistrate of the plaintiff’s district — the trial should have been in that district. But in case of incompetency, absence, or want of a magistrate in the proper district, the trial may be had in *57 any adjoining district. Code, section 4118. Eow, if we concede that the defendant had a right to call in question the want of a trial in the plaintiff’s district — a requirement evidently for the plaintiff’s benefit — yet he nowhere in his petition states anything from which it may be seen that these cases were tried in the wrong district.
But, as before stated, this is matter in abatement, and does not go to the merits.
Judgment affirmed.